# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

KENNY HALFACRE
ADC #84410                                                                                    PLAINTIFF

V.                                    5:05CV00109 WRW/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction, et al.                                         DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

    2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

### I. Introduction

Plaintiff, who is currently incarcerated at the Maximum Security Unit of the Arkansas Department of Correction ("ADC"), alleges in this *pro se* § 1983 action that Defendants violated his constitutional rights while he was incarcerated at the Grimes, Cummins, and Maximum Security Units of the ADC. *See* docket entries #2 and #4. Specifically, Plaintiff alleges that: (1) Defendants Norris, Assistant ADC Director David Cruseturner, and Cummins Unit Warden Kim Luckett retaliated against him for participating in an EEOC investigation and for filing grievances (in violation of his First Amendment right to access the courts) by having Plaintiff transferred to the Cummins and Maximum Security Units, placing him in administrative segregation, and assigning him to field duty; (2) Defendant Luckett violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by assigning him to field duty despite his unspecified medical

restrictions; and (3) Defendant Luckett violated Plaintiff's Fourteenth Amendment right to equal protection of the law by giving preferential job assignments to African-American inmates.[1] *See* docket entries #2 and #4.

Defendants have filed a Motion to Dismiss in which they assert that this case should be dismissed because: (1) Plaintiff has failed to fully and properly exhaust his administrative remedies; (2) Plaintiff has failed to state a claim upon which relief may be granted; and (3) Defendants are entitled to sovereign immunity.[2] *See* docket entries #14 and #15. Because the Court finds merit to Defendants' first argument, there is no need to address their remaining two arguments for dismissal.[3]

## II. Analysis

### A.   The Exhaustion Requirement

The Prison Litigation Reform Act provides, in pertinent part, that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law,

---

[1] Two claims and three Defendants have previously been dismissed from this action pursuant to the screening function mandated by 28 U.S.C. § 1915A. *See* docket entries #6 and #8.

[2] Plaintiff has filed a Motion to Voluntarily Dismiss separate Defendant ADC Director Larry Norris. *See* docket entry #28. Defendant Norris has filed a Response stating that he has no objection to Plaintiff's Motion. *See* docket entry #29. Accordingly, the Court recommends that Plaintiff's Motion be granted and that separate Defendant Norris be dismissed, without prejudice, from this action.

[3] The Court is mindful that a motion to dismiss should be granted only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The purpose of the exhaustion requirement is to give prison officials the opportunity to rectify the perceived problem before the courts become involved. *Porter v. Nussle*, 534 U.S. 516, 525 (2002). Importantly, the Eighth Circuit has clarified that § 1997e(a) requires inmates to: (1) fully exhaust their administrative remedies as to each separate claim raised in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).

Additionally, the Eighth Circuit has a well-established history of requiring strict adherence to the PLRA's exhaustion requirements. *See*, *e.g., Fudge v. May,* 84 Fed. Appx. 702 (8th Cir. Dec. 19, 2003) (unpublished opinion) (requiring dismissal of the entire case even though it was too late for the prisoner to raise the unexhausted claim in the prison grievance procedure); *Love v. May,* 63 Fed. Appx. 282 (8th Cir. May 21, 2003) (unpublished opinion) (requiring dismissal of the entire case where the prisoner failed to file grievances against three of the nine defendants); *Johnson,* 340 F.3d at 627 (requiring complete exhaustion prior to filing the complaint); *Graves*, 218 F.3d at 885 (requiring the dismissal of the entire case if it includes at least one unexhausted claim).

**B.    Plaintiff's Proof of Exhaustion**

Plaintiff attached to his Complaint grievance CU-1422 in which he alleged that: (1) he was transferred from the Grimes Unit to the Cummins Unit as "punishment" and in violation of his Fourteenth Amendment right to a hearing or an explanation as to why he was transferred; (2) he was assigned to field duty in violation of his medical restrictions; (3) he was placed in administrative segregation without a prior medical screening; and (4) Defendant Luckett was "prejudicial" against

him because Plaintiff has previously refused to give Defendant Luckett $1,800. *See* docket entry #2, Exs. K, L, O. The ADC Assistant/Deputy Director subsequently affirmed the denial of that grievance, which is the final step of the exhaustion process.[4]  *Id.*

As previously discussed, the PLRA requires an inmate to fully exhaust his administrative remedies as to <u>each</u> and <u>every</u> claim raised in a § 1983 action. *Graves*, 218 F.3d at 885. Arguably, grievance CU04-1422 properly exhausted Plaintiff's administrative remedies in regard to his claims that: (1) Defendants Cruseturner and Luckett transferred him to the Cummins Unit in retaliation for filing grievances and participating in an EEOC investigation; and (2) Defendant Luckett subjected him to cruel and unusual punishment by assigning him to field duty in violation of his medical restrictions.   However, grievance CU04-1422 and Plaintiff's subsequent appeals clearly did <u>not</u> mention or include his claims that: (1) Defendants Luckett and Cruseturner transferred him to the Maximum Security Unit,  placed him in administrative segregation, and assigned him to field duty in retaliation for filing  grievances and participating in an EEOC investigation; and (2) Defendant Luckett violated the equal protection clause by giving preferential field assignments to African-American prisoners.

Although he has been given the opportunity to do so, Plaintiff has not come forward with any additional proof of exhaustion as to those claims.[5]  Instead, he has attached to his Response to

---

[4] To fully exhaust administrative remedies in regard to the conditions of confinement, an inmate must:  (1) file a grievance; (2) appeal the denial of that grievance to the Warden; and (3) appeal the Warden's decision to the ADC Deputy/Assistant Director. *See* ADC Adm. Dir. 04-01 § IV(G)(5) (February 1, 2004).

[5] On August 16, 2005, the Court entered an Order directing Plaintiff to file a Response to Defendants' Motion to Dismiss and instructing Plaintiff to attach to his Response proof of exhaustion as to each claim raised in this action. *See* docket entry #20.

Defendants' Motion to Dismiss two letters from EEOC officials acknowledging receipt of Plaintiff's complaints that he was being retaliated against by ADC officials for participating in an EEOC investigation. *See* docket entry #25, attachment. In those letters, the EEOC officials explain to Plaintiff that they only deal with retaliation in the area of <u>employment</u>, and that he would have to raise his prison retaliation claims in some other forum. *Id.* Additionally, it is well settled that, to properly exhaust administrative remedies, an inmate must pursue the remedies provided by the prison system and not raise the matter before some other agency. *See Porter,* 534 U.S. at 525 (explaining that purpose of the exhaustion requirement is to give prison officials – and not some other governmental agency – the opportunity to rectify the perceived problem before the courts become involved). Accordingly, the Court concludes that Plaintiff has failed to fully exhaust his administrative remedies as to each claim raised in this action.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion to Voluntarily Dismiss Defendant Norris (docket entry #28) be GRANTED, and that Defendant Norris be DISMISSED, WITHOUT PREJUDICE, from this action.

2. The remaining Defendants' Motion to Dismiss (docket entry #14) be GRANTED, and that this case be DISMISSED, WITHOUT PREJUDICE, because Plaintiff has failed to timely and properly exhaust his administrative remedies as to each claim raised in this § 1983 action.

3.   The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3),[6] that an *in forma pauperis* appeal from any Order and accompanying Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 17th day of January, 2006.

                                                                        /s/ A. Thomas Ray
UNITED STATES MAGISTRATE JUDGE

---

[6] 28 U.S.C. § 1915(a)(3) provides that: "An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."